CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
AUG 10 2009
JOHN F. CORCORAN, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:09CR00021 |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| BONIFACIO BAUTISTA DE DIOS, | ) | |
| | ) | By: B. WAUGH CRIGLER |
| Defendant. | ) | U.S. MAGISTRATE JUDGE |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3), and upon the defendant's consent, this case was referred to the undersigned to conduct a plea hearing.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRY**

The Grand Jury has returned a two-count Indictment charging defendant in Count One with being an alien illegally and unlawfully in the United States, did knowingly possess in and affecting interstate commerce a firearm, which had been shipped and transported in interstate commerce, all in violation of Title 18, United States Code, Sections 922(g)(5) and 924(a)(2); and in Count Two with being an alien illegally and unlawfully in the United States, did knowingly possess in and affecting interstate commerce ammunition, all of which had been shipped and transported in interstate commerce, all in violation of Title 18, United States Code, Sections 922(g)(5) and 924(a)(2).

On August 4, 2009, a plea hearing was conducted before the undersigned. At the hearing, the defendant was placed under oath and testified that his full legal name is Bonifacio Bautista De Dios, he was born in Mexico, and he received five years of education. The defendant stated that he cannot read, write or understand the English language[1]. The defendant testified he was fully aware

---

[1] An interpreter assisted the defendant during the hearing.

of the nature of the charges against him and the consequence of pleading guilty to those charges. The defendant further testified that he was not under the influence of alcohol, medicine, or any drug, and that he had no physical or mental condition which impaired his ability to understand the nature of the proceedings being held.

The defendant testified that he had received a copy of the Indictment, and that he had fully discussed the charges therein and any defenses thereto, and his case in general, with his counsel. The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offense charged. The defendant also stated that, apart from the terms of the Plea Agreement entered into with the government, which was filed with the court, no one had made any representations or promises to him for leniency or a lighter sentence. Moreover, no one had made promises, assurances, threats or coerced him in any way in an effort to induce his plea or his execution of the Plea Agreement. The defendant testified that he understood that Count One is a felony, and that if his plea is accepted, he will be adjudged guilty of that offense, and the government will move for his dismissal from the remaining count of the Indictment.

The defendant acknowledged that the maximum statutory penalty for Count One is a $250,000 fine and/or imprisonment for a term of ten years, together with a term of supervised release. The defendant further acknowledged awareness that he was subject to deportation. The defendant was informed that parole has been abolished, and that if he is sentenced to prison, he will not be released on parole, but on supervised release, a violation of which could result in additional incarceration. Finally, the defendant testified that he understood that he will be required to pay a special assessment of $100, he may be ordered to pay restitution, and his assets may be subject to forfeiture.

The defendant was informed that, under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant was then informed that the Sentencing Guidelines are no longer mandatory, but the sentencing judge may apply them in an advisory fashion in determining a reasonable sentence. The defendant testified that he and his counsel had discussed how the Sentencing Guidelines might apply in his case. The defendant also testified that he understood that the court would not be able to determine the applicable guideline range, for advisory purposes, until after a presentence report has been prepared and both parties have been given an opportunity to challenge the reported facts and application of the Guidelines. The defendant stated that he understood that the eventual sentence imposed may be different from any estimate his attorney had given him, or any recommendation by the government, and that the court has the authority to impose a sentence that is either higher or lower than that called for by the Guidelines, so long as the sentence is not greater than the statutory maximum for the offense to which the defendant is pleading guilty.

The defendant was informed that any information he gives during a proffer or cooperation will not be used against him to enhance his sentence pursuant to USSG § 1B1.8, but that the information could be used to show he was accepting responsibility. The defendant stated that he understood that, contingent upon his acceptance of responsibility, continued cooperation in the sentencing process, and fulfillment of his duties under the Plea Agreement, the government will recommend a two-level (2) reduction under USSG § 3E1.1(a), and, if applicable at sentencing, the government will move that he be given an additional one-level (1) reduction under USSG § 3E1.1(b). The defendant stated he knew that all matters pertaining to the Indictment, including dismissed counts, were relevant conduct for purposes of sentencing. The defendant acknowledged

he understood that even should he fully cooperate with law enforcement, the government is under no obligation to file a motion for substantial assistance, and if the government makes the motion, it is up to the court to determine how much of a departure, if any, should be made.

The defendant stated he had agreed to waive the presence of counsel at any future contact with government personnel, and that such contact could occur without prior approval of counsel. However, the defendant understood that, should he request counsel during the contact, such contact would be suspended until counsel was present or agreed the contact could continue. The defendant also testified that he was waiving all rights under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of his case. The defendant also acknowledged his consent to the abandonment, official use and/or destruction of anything seized by law enforcement during the investigation of his case. The defendant acknowledged that he consented to the forfeiture of property as set forth in the plea agreement and that such a forfeiture of property is proportionate to the degree and nature of the offense he committed and does not raise any of the concerns addressed in *United States v. Austin*, 113 S.Ct. 2801 (1993). The defendant confirmed he had agreed to pay restitution for all matters included in his relevant conduct, and that he had agreed to pay any restitution due pursuant to 18 U.S.C. §§ 3663 and/or 3663A. The defendant acknowledged his agreement to make good faith efforts toward payment of any mandatory fines, assessments and restitution imposed, and that he would submit a financial statement, if called upon to do so, and would not convey anything of value without authorization from the government. The defendant understood that, pursuant to 18 U.S.C. §§ 3613 and 3664(m), whatever monetary penalties imposed by the Court would be due immediately and

4

subject to immediate enforcement. The defendant acknowledged that his agreement required full participation in inmate employment under any available or recommended programs operated by the Bureau of Prisons, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The defendant acknowledged that he was waiving his right to have a jury determine beyond a reasonable doubt the facts alleged in the Indictment, including any facts related to sentencing. The defendant testified that he understood that he had the right to a trial by a jury, in addition to the following rights, which will be waived or given up if his guilty plea is accepted:

1. The right to plead not guilty and persist in that plea;
2. The right to a speedy and public jury trial;
3. The right to assistance of counsel at that trial and in any subsequent appeal;
4. The right to remain silent at trial;
5. The right to testify at trial;
6. The right to confront and cross-examine witnesses called by the government;
7. The right to present evidence and witnesses in his own behalf;
8. The right to compulsory process of the court;
9. The right to compel the attendance of witnesses at trial;
10. The right to be presumed innocent;
11. The right to a unanimous guilty verdict; and
12. The right to appeal a guilty verdict.

The defendant testified that he understood that, under the terms of the agreement, he was waiving rights to appeal or collaterally attack his conviction or sentence. The defendant acknowledged that by entering into the Plea Agreement he expressly and irrevocably directed his counsel not to file an appeal. The defendant stated he was aware that the government had retained its rights to appeal.

The defendant informed the court that he did not realize he was committing a crime, he was very sorry, and he would not do it again.[2] The defendant stated that he was fully satisfied with the advice

---

[2] Defendant did not challenge either his status as an illegal alien or his knowing possession of the firearm. In fact, he stated he was pleading guilty because he was guilty of the

5

and representation given to him in this case by his counsel, and that counsel's representation had been effective. The defendant testified that he understood the possible consequences of his plea, and he asked the court to accept his plea of guilty to Count One of the Indictment.

**THE GOVERNMENT'S EVIDENCE**

The defendant waived his right to have the government's Factual Summary read in open court. The Factual Summary having been filed in open court, and the evidence presented therein regarding the offense charged is as follows: On February 20, 2009, law enforcement officers obtained a search warrant for a property in Winchester, Virginia. When officers executed the warrant, Bonifacio Bautista De Dios, the Defendant, was present in the living room of a trailer on the property.

In the Defendant's bedroom, officers found a .22 caliber mini-revolver ("Revolver") on the nightstand and .22 caliber ammunition ("Ammunition") in the closet. After receiving *Miranda* warnings in Spanish, the Defendant admitted the following: The bedroom, where the Revolver and Ammunition were found, was his; The Revolver and the Ammunition belonged to him and he had purchased them from a man in Winchester 10 days prior; He was an alien illegally and unlawfully in the United States and he had entered the country illegally.

Immigration records confirm that the Defendant is an illegal alien and that he has entered the United States and has been voluntarily returned to Mexico on at least four occasions (3/6/97, 3/9/97, 2/3/06, and 2/9/06).

An expert with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") determined that neither the Revolver nor Ammunition had been manufactured in the Commonwealth of Virginia,

---

offense.

meaning both items had traveled in interstate or foreign commerce.

An ATF expert also determined that the Revolver and Ammunition met the legal definitions of a firearm and ammunition. Specifically, the Revolver is a weapon, which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; the Ammunition is ammunition or cartridge cases, primers, bullets, or propellant powder designed for use in a firearm.

## FINDINGS OF FACT

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;
2. The defendant is aware of the nature of the charges and the consequences of his plea;
3. The defendant knowingly and voluntarily entered a plea of guilty to Count One of the Indictment; and
4. The evidence presents an independent basis in fact containing each of the essential elements of the offense to which the defendant is pleading guilty.

## RECOMMENDED DISPOSITION

Based upon the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to Count One of the Indictment and adjudge him guilty of that offense. The undersigned DIRECTS that a presentence report be prepared. A sentencing hearing hereby is scheduled for October 29, 2009 at 2:00 p.m. before the presiding District Judge in Harrisonburg.

## NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C): Within ten days after being served with a copy of this Report and Recommendation, any party may serve and file

written objections to such proposed findings and recommendations as provided by rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The Clerk is hereby directed to send certified copies of this Report and Recommendation to all counsel of record.

ENTERED: _____
United States Magistrate Judge

8/10/09
Date

8